NOT DESIGNATED FOR PUBLICATION

No. 121,115

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAMION J. SANDERS,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed February 28, 2020. Affirmed.


Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).


Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM: Damion J. Sanders appeals the district court's revocation of his probation and the imposition of his underlying prison sentences. We granted Sanders' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded by not objecting to summary disposition but asks that the district court's judgment be affirmed. After a review of the record, we affirm.


Pursuant to a plea agreement with the State, Sanders pled guilty to possession of methamphetamine, a severity level 5 nonperson felony, and possession of paraphernalia, a class A nonperson misdemeanor. At the sentencing hearing on November 30, 2017, the district court sentenced Sanders to 42 months' imprisonment plus 12 months in the county

1

jail, with the sentences to run concurrently. The district court then granted Sanders' request for a dispositional departure from his prison term and placed Sanders on probation for a period of 12 months.

The State sought to revoke Sanders' probation on February 1, 2018, alleging that he committed four new crimes:  possession of methamphetamine, identity theft, criminal deprivation of property, and misdemeanor theft. At his probation violation hearing on April 8, 2019, Sanders admitted to the violations and waived his right to a hearing. Citing Sanders' new convictions, the district court revoked Sanders' probation and imposed his underlying sentences.

Sanders now appeals, arguing the district court erred by revoking his probation and imposing his underlying sentences. Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). Sanders bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

A district court's discretion on whether to revoke probation is limited by the intermediate sanctions outlined in K.S.A. 2018 Supp. 22-3716. At the time Sanders' probation was revoked, a district court was required to impose graduated intermediate sanctions before revoking an offender's probation. See K.S.A. 2018 Supp. 22-3716(c); *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). Intermediate sanctions include a 2-day or 3-day sanction of confinement in a county jail, a 120-day prison sanction, or a 180-day prison sanction. K.S.A. 2018 Supp. 22-3716(c)(1)(B), (C), (D). Under these limitations, the district court may revoke

probation and order a violator to serve the balance of his or her original sentence only after both a jail sanction and a prison sanction have been imposed. K.S.A. 2018 Supp. 22-3716(c)(1)(E).

However, there are exceptions which permit a district court to revoke a defendant's probation without having previously imposed the statutorily required intermediate sanctions. One exception allows the district court to revoke probation without imposing sanctions "[i]f the offender commits a new felony or misdemeanor while the offender is on probation." K.S.A. 2018 Supp. 22-3716(c)(8)(A). A district court may also revoke probation without imposing sanctions if the offender received a dispositional departure. See K.S.A. 2018 Supp. 22-3716(c)(9)(B).

Here, Sanders stipulated to committing—and being convicted of—four new crimes while on probation in this case. Despite this admission, Sanders still claims the district court abused its discretion because it did not place him back on probation so he could seek drug treatment. At his probation revocation hearing, Sanders informed the district court that he recognized his drug addiction and was ready to obtain treatment. The district court explained to Sanders that when a person receives a dispositional departure, the district court can revoke probation if it so chooses. The district court relied on Sanders' stipulation to his criminal convictions while on probation as justification for revoking his probation and imposing his underlying sentences. Given the district court's stated reasons for revoking Sanders' probation and Sanders' stipulation in this case, we conclude a reasonable person could agree with the district court's judgment here.

Affirmed.

3